**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3348-20

ERECTION & WELDING
CONTRACTORS,

     Plaintiff-Respondent,

v.

ARCO CONSTRUCTION GROUP
and ANGEL CABRERA,

     Defendants-Appellants,

and

MONROE TOWNSHIP,

     Defendant.

_____

        Submitted December 14, 2021 – Decided February 15, 2022

        Before Judges Rothstadt, Mayer, and Natali.

        On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-2829-21.

        Joseph J. Hocking, attorney for appellants.

        Frederick A. Jacob, attorney for respondent.

PER CURIAM

Defendants ARCO Construction Group, Inc. (ARCO) and its principal, Angel Cabrera, appeal from a June 11, 2021 order compelling arbitration of their dispute with plaintiff, Erection and Welding Contractors, LLC, and requiring ARCO to file a demand for arbitration with the American Arbitration Association (AAA) and pay the filing fee.[1] The motion judge entered the order after finding it was undisputed that, under the parties' agreement, ARCO had the exclusive option to litigate or arbitrate disputes and that it exercised its option, which obligated ARCO to file for arbitration and pay the required fee, subject to adjustment by the arbitrator, if warranted.

On appeal, defendants do not challenge the order compelling arbitration, but argue there was no legal basis for the judge to order that ARCO file for arbitration and pay the required fee. They also contend, for the first time on appeal, that two arbitration clauses in the parties' contract were in conflict and should have been interpreted to mean that either party had a right to compel

---

[1] The same order dismissed with prejudice plaintiff's claims against defendant Monroe Township. Neither party appeals from that provision and the Township did not participate in this appeal, although ARCO's amended notice of appeal named the Township as an appellant.

A-3348-20

arbitration, and, therefore, because plaintiff filed this action, it should have been compelled to file the arbitration and pay the required fee.

We conclude, under the facts of this case, ARCO's argument is without any merit. We affirm as there was no dispute ARCO had the exclusive right to compel arbitration and originally asserted its right to arbitrate the parties' dispute, which resulted in the dismissal of a complaint plaintiff filed years earlier seeking the same relief as in this action.

The facts taken from the motion record are summarized as follows. On July 30, 2010, ARCO, as the general contractor on a project for Monroe Township, entered into a contract with plaintiff to perform services as a subcontractor on the project. The contract contained two provisions relating to the arbitration of disputes arising from the parties' agreement.[2]

---

[2] Section AF of the parties' agreement was captioned "Dispute Resolution." Section AF(1) stated as follows: "At the sole and exclusive option of [ARCO], any and all disputes arising from or related to the [s]ubcontract or the breach thereof shall be decided by binding arbitration in accordance with the [c]onstruction [i]ndustry [a]rbitration [r]ules of the American Arbitration Association then applicable." (Emphasis added). It also stated in Section AF(2) that "The [s]ubcontractor expressly agrees to arbitrate all disputes and this obligation as provided in the [s]ubcontract shall be specifically enforceable under applicable law." Section AG, entitled "Actions and Proceedings and Applicable Law," stated in pertinent part that "Any and all disputes arising from or relating to the [s]ubcontract or the breach thereof shall be decided by binding

In 2012, ARCO began making untimely payments to plaintiff and other subcontractors. In March 2012, plaintiff requested full payment from ARCO and that if payment was not made, plaintiff would "commenc[e] an arbitration" as "[a]rbitration [was] required under section AF of the contract between the parties."

In June 2012, Monroe Township began making only partial payments to ARCO due to the disputes between ARCO and its subcontractors, which caused ARCO to file a demand for arbitration against the Township. Plaintiff did not participate in that arbitration.[3] The arbitration terminated when ARCO and Monroe Township resolved their dispute through mediation in 2014.

On November 30, 2015, plaintiff filed a complaint asserting claims against ARCO involving the Monroe project.[4] ARCO responded on January 22, 2016,

---

arbitration in accordance with the [c]onstruction [i]ndustry [a]rbitration [r]ules of the American Arbitration Association then applicable."

[3] In February 2014, ARCO successfully petitioned a specially appointed arbitrator to join subcontractors to the arbitration, including plaintiff. Although the arbitrator's joinder award stated "ARCO ha[d] elected to arbitrate its disputes with its subcontractors" and "[t]herefore, all said contractors [were] free to bring whatever claims they may have [had] against ARCO," plaintiff did not bring any claims against ARCO or otherwise participate in that arbitration.

[4] In its complaint, plaintiff asserted causes of action for breach of contract, Cabrera's personal liability, misrepresentation, breach of fiduciary duty,

with a letter to plaintiff demanding arbitration of the claims plaintiff raised in its complaint. Also, on July 22, 2016, defendant filed an answer, which asserted the court lacked jurisdiction because ARCO invoked its right to arbitrate and pleaded arbitral jurisdiction as an affirmative defense.

On April 10, 2017, plaintiff acceded to ARCO's arbitration demand. On that date, the parties filed a stipulation of dismissal which stated: "[ARCO] having elected to arbitrate this matter in accordance with the Arbitration Clause of the applicable contract; it is hereby stipulated that this matter is dismissed, with prejudice, to allow the parties to proceed to arbitration." (Emphasis added). However, neither party filed for arbitration. Instead, the parties unsuccessfully engaged in settlement discussions over the course of the ensuing three years.

On June 29, 2018, plaintiff's counsel wrote to ARCO's attorney stating if payment of the money allegedly owed to his client was not paid by July 6, 2018, "we will move to arbitration." Unable to reach a resolution, on October 6, 2020, plaintiff requested ARCO set dates for arbitration. ARCO refused, asserting it believed that plaintiff had the right to file for arbitration at any time since "ARCO invoked the arbitration clause" in 2016 and that plaintiff's claims were

---

consumer fraud, and unjust enrichment. Plaintiff also asserted claims involving another project, however those claims were resolved separately.

A-3348-20

time-barred because plaintiff could have filed for arbitration, but it did not without any agreement to toll the statute of limitations on those claims.

On January 12, 2021, plaintiff filed the complaint in this action,[5] and it applied for the entry of an order to show cause, seeking, among other relief, an order compelling ARCO to file for arbitration. On April 14, 2021,[6] a Law Division judge entered an order to show cause requiring ARCO to appear and be heard on why judgment should not be entered against it, including an order to "compel arbitration" or grant "such other relief as the court deem[ed] equitable and just." ARCO responded by filing a motion to dismiss plaintiff's complaint with prejudice and to compel plaintiff to "pursue its claims against ARCO in an arbitration that plaintiff initiates with the [AAA]."

On June 11, 2021, a different judge considered the parties' arguments before entering the order under appeal. During the hearing, ARCO's counsel acknowledged the parties' contract granted ARCO the "unilateral" right to decide whether a dispute is arbitrated or litigated. However, according to ARCO's counsel, "the fact that [ARCO] ha[d] a right to decide whether a claim

_____

[5] Plaintiff amended its complaint in February 2021. It asserted the same claims against ARCO as alleged in plaintiff's 2015 complaint.

[6] The delay from January to April stemmed from plaintiff initially filing their complaint and order to show cause in an incorrect venue.

w[ould] be decided in arbitration or in litigation d[id] not ipso facto make [ARCO] a claimant if it decide[d] to elect to arbitration." (Emphasis added).

The judge found it was undisputed that the parties agreed to arbitrate the claims raised and that ARCO had the exclusive option to arbitrate claims. He reasoned: ARCO "elected for arbitration [and] ha[d] the sole determination whether [claims] go[] to trial [or] arbitration. [It did not] want to go to trial, [ARCO] want[ed] to go to arbitration, [it] need[ed] to file the claim in AAA." As to who should pay for the filing fees, the judge stated, "Somehow I think the folks at [AAA] will be able to figure this out, assess the right fee, and resolve this matter." The judge concluded by directing that "[a]ll claims for damages and things w[ould] be submitted to arbitration." This appeal followed.

Our review of a motion judge's order compelling arbitration is "de novo." Hirsch v. Amper Fin. Servs., LLC, 215 N.J. 174, 186 (2013). Therefore, "we need not give deference to the analysis by the trial court." Goffe v. Foulke Mgmt. Corp., 238 N.J. 191, 207 (2019). "In reviewing such orders, we are mindful of the strong preference to enforce arbitration agreements, both at the state and federal level." Hirsch, 215 N.J. at 186. "However, the preference for arbitration 'is not without limits.'" Id. at 187 (quoting Garfinkel v. Morristown Obstetrics & Gynecology Assocs., P.A., 168 N.J. 124, 132 (2001)).

7                                                                    A-3348-20

Applying that standard, we first turn to defendants' appellate argument that, despite there being no dispute before the motion judge that ARCO had the unilateral right to demand arbitration, conflicting arbitration provisions in the parties' contract must be interpreted to require both parties to arbitrate all claims relating to the contract "without regard to whether ARCO elects arbitration." As this argument was not raised before the judge, we will not consider it now on appeal, see Zaman v. Felton, 219 N.J. 199, 227 (2014) ("declin[ing] to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available" (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973))), especially since ARCO is estopped from taking a contrary position before us than it did before the motion judge and, even earlier, when plaintiff filed its original complaint in 2015 that led to the action's dismissal with prejudice. See Kimball Int'l, Inc. v. Northfield Metal Prods., 334 N.J. Super. 596, 608 (App. Div. 2000) ("[J]udicial estoppel is an 'extraordinary remedy,' which should be invoked only 'when a party's inconsistent behavior will otherwise result in a miscarriage of justice.'" (quoting Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 365 (3d Cir. 1996))).

We reach the same conclusion as to arguments on appeal about defendants' claimed defenses to plaintiff's claim. According to defendants, the judge should

have considered various defenses that they contend they had as to plaintiff's claims, including that the claims were time-barred and that plaintiff waived its claims by not participating in ARCO's 2014 arbitration with Monroe Township that resulted the settlement between those two parties. These contentions were also not raised before the motion judge.

Defendants' remaining argument is that the motion judge erred by compelling ARCO to file a demand for arbitration where both parties requested the court to compel the other to arbitrate and their agreement was silent on the mechanics of which party must file and pay the filing fee. According to defendants, their primary concern is that the motion judge's decision "has the potential of undermining and prejudicing ARCO's argument that plaintiff's claims are time-barred because it requires ARCO to initiate the arbitration proceeding. An arbitrator could interpret [that] as placing within ARCO's exclusive control when and whether plaintiff's claims were ever brought forward in arbitration."

We conclude from our review of defendants' remaining contention that it is without sufficient merit to warrant discussion in a written opinion, Rule 2:11-3(e)(1)(E), especially since, when plaintiff filed its first complaint in 2015, plaintiff yielded to ARCO's demand for arbitration and entered into a stipulation

of dismissal with prejudice so that its claims would be determined in accordance with ARCO's contractual right to arbitration. Under these circumstances, as the motion judge determined, to the extent there remains any dispute about which party must pay the arbitration filing fee, ARCO was properly compelled to pay the fee and to then let the arbitrator determine who should be responsible, in the same manner that all the other claims arising from the contract, and defenses thereto, would also be decided—through arbitration. EPIX Holdings Corp. v. Marsh & McLennan Cos., 410 N.J. Super. 453, 473, (App. Div. 2009) ("If these factual allegations '"touch matters" covered by the parties' contract, then those claims must be arbitrated, whatever the legal labels attached to them.'" (quoting Genesco, Inc. v. T. Kakiuchi & Co., 815 F.2d 840, 846 (2d Cir. 1987))).

There is nothing about the motion judge's decision that barred any of defendants' defenses or otherwise caused prejudice to them. All the judge did was ensure the parties' original agreement to arbitrate and their subsequent agreement to dismiss plaintiff's earlier complaint in favor of arbitration were properly enforced. Whether any or all of plaintiff's claims became stale during the intervening years is for the arbitrator to decide.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10                                                          A-3348-20